Curia, per Withers, J.
The' course which this case took upon the Circuit, and the grounds of appeal which bring it *84 before this Court, make it necessary to advert to the 59th sectjon of the sheriff’s Act of 1839,-in these words: “No sheriff or deputy sheriff shall be concerned or interested in the pUrchase 0f any property sold by them officially; and if any such sheriff or deputy sheriff shall be concerned or interested in any such purchase, at any such sale, made by either of them, he shall, on conviction -thereof by indictment, be deprived of his office, and shall be liable to be fined and imprisoned at the discretion of the Court; and such purchase shall be null and void.”
The idea urged upon us is, that the sale by Harley, sheriff, was not one made by J. Heath, officially ; and therefore, J. Heath, conceding that he was a deputy sheriff, might buy at sheriff Harley’s sale. It is admitted that if Heath had sold officially as deputy, Harley could not have bought, for it would still have been Harley’s sale; but the proposition, e converso, is denied.
The language of the Act is plain and peremptory, that neither sheriff nor deputy shall be in any wise concerned in purchasing at a sale made by either of them officially. It cannot be made plainer than the words make it, that at no sale by the sheriff as such shall he, or his deputy, be permitted to make a purchase of the property sold, or be directly or indirectly interested or concerned therein.
This section cited must have such a construction as will give effect to its terms, and will, consistently with their reasonable import, suppress the mischief at which it was aimed. A great object of the law is to secure at all auctions, and of the section quoted, at judicial sales especially, full and fair competition. When a Court of Equity detects, among ordinary bidders, an agreement or combination, the effect of which to chill sa*e or st^e competition, no one .implicated will be allowed to derive any benefit from a sale so conducted. If a deputy sheriff were bidding, it would seem to be wrong in his competitor to deter him or drive him off. it was so -said in Rowe v. Cockrell. The policy of the law jg preventive as well as remedial. The danger of combination, the power of mischief, the temptation to fraud, al combine to vindicate the purpose of the law in excluding the sheriff and his deputies from the privilege of purchasing, directly or indirectly, at official sheriffs’ sales. The sale is forced — the defendant powerless to counteract — the contrivances will be hidden- — and the solicitude of the law giving power to extinguish the entire source of eviL is manifest in the broad scope of the language of prohibition, and the accumulated punishment levelled at a party convicted of the offence. We are not called upon to say whether in any case the concurrence of every one in interest may ratify the. forbidden transaction. Such an idea is thrown out by Ch. Harper in *85 the case just referred to in Bailey’s Eq. It is not perceived, however, that a sheriff, or deputy, indicted under the 59th, section of the Act of 1839, could defend himself by proving that he was very honest in the transaction, that he paid a very full price, and that he exceeded a lively and fair competition. However true it may be that a fraud, technical or actual, implies the idea of some one defrauded, and however necessary that some one shall present the issue to enable the Court to act, we have in this case the complaint made by persons who prove that the fee of the land in question descended to them, and the fact is undeniable, that it rests in them yet, unless divested by the sale made by Harley as sheriff. If Heath was his deputy when he bought, through the mere nominal agency of Aldrich, he bought nothing, the sale was void, and the heirs of Odum, the plaintiffs here, are the owners of the fee as much as they, were before the sale. The only doubt felt by this Court is, whether the charge upon Circuit, treating of Heath upon the supposition that he was deputy, was sufficiently stringent against the defendant.
The course of the case, however, seemed to have left that inquiry in then-ear — the charge to the jury, if it produced any effect, was calculated to lead them to conclude that Heath was not a deputy, that he was only jailor — and if so, then the pivot of the case was, whether Harley- was directly or indirectly concerned or interested in the purchase made by Heath, through which defendant claimed right to the premises.
We have reviewed the testimony upon that subject; this opinion will not be burthened by its recapitulation; it was a proper question for the jury; there was evidence enough to-support their conclusion; and we are in no degree dissatisfied with it.
The motion is, therefore, refused.
Evans, Wardlaw & Frost, JJ., concurred.

Motion refused.